**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 18 B 32848 |
| | ) | |
| Lisa Henkel, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |
| | ) | |

**FINAL PRETRIAL ORDER FOR VIDEO TRIAL**

*This order will govern the trial on the following matters:*

*(1) Lisa Henkel's Objection to Claim(s) 2 of Teri Schroetlin (ECF # 93);*
*(2) Teri Schroetlin's Second Amended Adversary Complaint in Adversary Case No. 19 A 00620; and*
*(3) Lisa Henkel's Amended Adversary Complaint in Adversary Case No. 19 A 00860.*

*Failure to comply with the provisions of this order may result in waiver of claims or defenses, dismissal, default, exclusion or admission of evidence, or other sanction, as justice may require.*

These matters are set for trial to commence on **October 26, 2020 at 9:30 a.m.** and to conclude no later than **October 27, 2020 at 5 p.m.**, unless otherwise ordered by the Court.  In accordance with General Order No. 20-05, the trial will be held remotely by videoconference using the Zoom for Government videoconferencing platform.  No participants will be physically present in the courtroom.  The Covid-19 public health emergency constitutes good cause in compelling circumstances for holding the trial remotely by teleconference.  Zoom for Government and this order provide appropriate safeguards.

Unless modified by the Court, this order will govern the course of the proceedings.

(1) Pretrial Materials:

(a) Joint Pretrial Statement: Counsel for all parties are hereby ordered to confer and together prepare and file with the Court on or before **October 19, 2020**, a joint document captioned "Pretrial Statement."  The Pretrial Statement must contain the following information:

(i) A brief statement of the theory of each claim and each defense;

(ii) A statement of stipulated facts set forth in numbered paragraphs;

(iii) A statement of disputed material facts set forth in numbered paragraphs;

(iv) Each party's list of witnesses with any objections noted, stating grounds; and

(v) Each party's list of exhibits it plans to offer with objections noted, stating grounds.

For each witness, the list must provide the witness's name, email address, and telephone number (in case of an interruption in the video or audio portion of the hearing) as well as a brief description of the subject matter of the witness's testimony.

All experts who will or may be called must be included on the witness list and must be specifically designated as "expert." A brief statement of the topic of each expert's testimony must be provided.

(b) Pretrial Briefs: Each party is further ordered to file a "Pretrial Brief" <u>of no more than 5 pages</u> on or before **October 19, 2020**. Each Pretrial Brief must contain a short statement that sets forth the burden of proof and elements of each claim and each defense, with citations to statutes and cases, if necessary.

(c) Exhibits: Each party must provide all other parties and the Court a copy of all exhibits to be used at trial. Each exhibit must be pre-marked, e.g., "Plaintiff's Exhibit 1," and must be provided electronically as a separate pdf (Adobe Acrobat) file and filed on the Court's bankruptcy docket in this case. Attorneys are responsible for ensuring that each pdf can be opened successfully. The Court will not consider any exhibit as evidence unless that exhibit has been offered and admitted into evidence at the trial, even if no objections to the exhibit have been raised in the Pretrial Statement.

(2) Participation by Video:

(a) Connecting to Zoom. Before the trial date, chambers staff will provide a link or URL (internet address) that will allow participation in the trial. To participate, an attorney or witness must click on the link (paste the URL into the computer's browser and press "Enter") and then follow the instructions.

(b) Required Equipment. Zoom permits access to the video portion via computer and access to the audio portion via either computer or telephone. Witnesses must appear by video.

(i) Video. To use the video portion of Zoom, each attorney and witness must have a computer equipped with (a) a camera capable of sending and receiving video using Zoom; (b) Internet browsing software that will accommodate Zoom; (c) a stable Internet connection and bandwidth sufficient to support Zoom; and (d) Adobe Acrobat Reader for the purpose of reviewing exhibits. It is not necessary to download and install Zoom software.

(ii) Audio. To use the audio portion of Zoom, each attorney and witness must have either (a) a computer equipped with a microphone and speakers or (b) a telephone. If the telephone is a cellular phone, the attorney or witness must be in a location with service adequate to provide clear audio.

(c) Witness Testimony. All witnesses will be placed under oath, and their testimony will have the same effect as if they were testifying in open court. Each witness must testify from a quiet room. Witnesses must situate themselves so that other participants can see them and the

witnesses can see the video. While a witness is under oath and testifying, no person may be in the same room, the witness may have no documents in the room except exhibits the parties have submitted, and the witness may not communicate in any fashion with anyone other than the questioning attorney and the judge. If the witness and the witness's attorney need to communicate, the attorney must request a recess.

      (d) Subpoenas to Third-Party Witnesses. Each subpoena to a third-party witness must state the following in the box for the "Place" to appear: "The trial will be conducted remotely by videoconference in accordance with the attached Pretrial Order." A copy of the Pretrial Order must be attached to the subpoena and served on the witness.

    (3) Technical Pretrial Conference. On **October 20, 2020, at 10:00 a.m.**, the Court will hold a technical pretrial conference to test the video technology. All parties and witnesses (except third-party witnesses) must participate. All participants are admonished not to discuss the substance of the trial at the pretrial conference and instead limit their comments to the functioning of the video technology and related procedural matters. The technical pretrial conference will also take place via Zoom, and the procedure for connecting to Zoom will be the same as provided above.

    (4) Courtroom Formalities. Though held remotely by videoconference, the trial constitutes a judicial proceeding. No one except the assigned court reporter or another person that the Court directs may record the audio or video of the trial. Formalities of a courtroom will be observed. Participants must dress appropriately and must conduct themselves in a suitable manner.

DATED: August 7, 2020

ENTER:

_____
Honorable Janet S. Baer
United States Bankruptcy Judge